# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                     Case No.  8:08-cv-1782-T-24-TBM

TERRY FALCONE, et al.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on the Motion to Dismiss filed by Defendant Alumni Partners II, LLC ("Defendant" or "Alumni") (Doc. No. 5.) Plaintiff opposes this motion and, additionally, claims that it should be treated as a motion for summary judgment. (Doc. No. 8.)

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right

to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

## BACKGROUND

On May 21, 2007, Plaintiff filed with Hernando County the abstract of a judgment it obtained against Terry Falcone under 31 U.S.C. § 3713(b) for 1.9 million dollars. (Compl. ¶¶ 17–18.) This act gave Plaintiff a federal judgment lien on all of Terry Falcone's property within the County. *See* 28 U.S.C. § 3201(a). Later, as the result of Terry Falcone's failure to pay property taxes for the 2007 tax year, Defendant Alumni was able to purchase from Hernando County a tax sale certificate for three of the properties encompassed by Plaintiff's lien. (*Id.* ¶ 8; Doc. No. 8, p. 6.) This act, completed on May 20, 2008 (Doc. No. 8, p. 6), gave Defendant a tax lien on the properties. 28 U.S.C. § 3201(a). Plaintiff now seeks to foreclose its judgment lien on all of the Hernando County properties, including the three encumbered by Defendant Alumni's lien, and names Defendant Alumni as a party to the action. (Compl.) Defendant claims that, because its lien is a state tax lien, it is superior to Plaintiff's lien, making Defendant an improper party to the action. (Doc. No. 5.) On that basis, Defendant moves to dismiss. (*Id.*)

## DISCUSSION

A. *Denying Defendant's Motion to Dismiss*

Defendant claims that his lien is superior to all others, because it is a state tax lien. Plaintiff claims that a federal judgment lien filed prior to a state tax lien takes priority.

2

Determining seniority of liens is the key to deciding whether Defendant is a properly-joined party to this suit. When a lien-holder seeks to foreclose on a property, he must join junior lien-holders. *Wood v. Franklin Life. Ins. Co.*, 17 F.2d 80, 80 (5th Cir. 1927). However, because senior lien-holders' interests remain unaffected, they need not be joined. *Id.*; *Cone Bros. Const. Co. v. Moore*, 193 So. 288, 289–90 (Fla. 1940).

When a federal law and state law conflict, the federal law preempts its state rival. U.S. Const. art. VI, cl. 2; *Gibbons v. Ogden*, 22 U.S. 1 (9 Wheat.) 1 (1824) (Marshall, C. J.). Florida law provides that tax certificates become a "first lien . . . superior to all other liens," on real property against which the taxes have been assessed. Fla. Stat. § 197.102(3). However, Federal law states that the United States' judgment lien shall have priority over any other lien or encumbrance which is perfected later in time. 28 U.S.C. § 3201(b). This is not the first time court has adjudicated conflict between a pre-existing federal lien and a state tax certificate. In *More v. United States*, 505 F. Supp. 612, 614 (N.D. Fla. 1980), the court held that a tax–certificate holder was a junior lien-holder to the United States, which had a previously-acquired lien on the property. The court so held despite the Florida law that gave state tax certificates precedence as "first lien[s], superior to all other liens" Fla. Stat. 197.056(1) (1977). *Id.*

This case is no different. Clearly the Federal and state lien laws conflict as applied to the situation at hand. Where the statutes clash, the state law must cede. Thus, the Court finds that Defendant's lien is junior to the federal lien, and thus Defendant is properly joined in this suit.

    B.  *Declining to Convert Defendant's Motion to One for Summary Judgment*

Plaintiff requests that the Court view Defendant's Motion to Dismiss as one for summary judgment, because the priority of Plaintiff's lien with regard to Defendant's lien—the grounds

on which Defendant seeks dismissal—is the sole issue to be decided between Plaintiff and Defendant.  Further, while Defendant has submitted no evidence to support its motion, as usually necessary to a motion for summary judgment, the parties here agree to the pertinent facts, leaving only a matter of law to be decided by the Court.

Plaintiffs offer case law, though none exactly on point, suggesting that the Court has the power to convert a motion to dismiss to one for summary judgment when the purpose of the filing clashes with its title.  (Doc. No. 8, p. 2 n. 1.)   The Court, however, chooses not to use its discretion to do so here.   Defendant Alumni's motion stayed within the four corners of the pleadings. The basis of Defendant's argument was that, because the pleadings acknowledged that Defendant was a tax–certificate lien-holder and because—under Defendant's understanding of the law—tax certificate lien-holders were superior to all others, the pleadings demonstrated that Defendant was an improper party to the proceeding. Defendant did not submit evidence in support of its argument, nor did it seek to attack the merits of the underlying claim.  The Court therefore construes Defendant's Motion as it was titled: a motion to dismiss. Therefore, rather than blind-side Defendant with a conversion of its motion, the Court gives Defendant an opportunity to respond to Plaintiff's pending motion for summary judgment (Doc. No. 9) and, perhaps, to file such a motion itself.

**CONCLUSION**

The Court finds that on the basis of the Complaint, Defendant is a properly joined party to this suit.  Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 5) is DENIED.  DONE AND ORDERED this 29th day of October, 2008.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record