**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

-vs-                                                       Case No. 8:08-cv-1782-T-24-TBM

TERRY FALCONE, et al.,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Terry Falcone's motion to set aside the entry of Clerk's default against her. (Doc. 35.) The Government opposes the motion, in part. (Doc. 36.)

## BACKGROUND

The Complaint in this case was filed on September 9, 2008. Defendant Falcone was served on November 20, 2008 but failed to answer or respond to the Complaint in the time allotted. Therefore, the United States moved for a Clerk's default (Doc. 28), which was granted on December 19, 2008 (Doc. 29). On January 13, 2009, Defendant Falcone filed a motion to set aside the Clerk's default. (Doc. 35.) The Government does not oppose the motion with regard to Defendant Falcone in her individual capacity, but opposes the motion in so far as Defendant Falcone is named in the suit in her capacity as Executrix for the Estate of Kenneth Lombardi. (Doc. 36, p. 3.)

**DISCUSSION**

The Court grants the unopposed motion to set aside the Clerk's default as to Defendant Falcone in her individual capacity and now considers the matter of the Clerk's default as to Defendant Falcone in her representative capacity.

Title 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

This gives individuals the right to proceed as counsel on their own behalf in federal court. However, when a person is named as a party to a lawsuit in her capacity as a representative of other persons or entities, that person is not litigating her own interests. Thus, that case is not considered the person's "own case," and § 1654 does not apply to afford the person an opportunity to appear without counsel. *Jones ex rel. Jones v. Correctional Medical Services*, Inc., 401 F.3d 963, 970 (8th Cir. 2005); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); Prigden *v. Sndersen*, 113 F. 3d 391, 393 (2d. Cir. 1997); *see also Reshard v. Britt*, 839 F. 2d 1499 (11th Cir. 1988) (en banc) (evenly split panel affirming district court's ruling disqualifying the deceased's estate representatives from proceeding pro se in a wrongful death suit).

Because § 1654 does not afford Defendant Falcone, a non-lawyer, the opportunity to appear as counsel representing the interests of the Estate of Kenneth Lombardi, the Court denies without prejudice her motion to set aside the Clerk's default as to Defendant in her representative capacity.

# **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that:

- Defendant Falcone's Motion to set aside the Clerk's default against her in her individual capacity is GRANTED; and

- Defendant Falcone's Motion to set aside the Clerk's default against her as the representative of the Estate of Kenneth Lombardi is DENIED without prejudice. Defendant Falcone is directed have an attorney enter an appearance on her behalf as the Executrix of the Lombardi Estate on or before February 17, 2009, in which case the Court will set aside the Clerk's default against her in her representative capacity. If no appearance is entered by an attorney on Defendant's behalf, the Court will entertain a motion for judgment of default against her in her representative capacity at that time.

DONE AND ORDERED this 27th day of January, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record,

and

Terry Falcone (pro se Defendant)

3452 Tomahawk Ave.

Spring Hill, FL 34606