# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                  Case No. 8:08-cv-1782-T-24-TBM

TERRY FALCONE, et al.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on the motion made by Defendant Terry Falcone, in her capacity as the Executrix for the Estate of Kenneth Lombardi, for 1) a postponement of sixty days to allow Ms. Falcone to find counsel to represent her in her representative capacity; 2) an order that the law firm of Broge, Newman, Fisher, and Shavar turn over documents pertaining to the Estate; and 3) an order that the United States show cause for failure to amend the Complaint. (Doc. 38.) The Court denies the motion in its entirety.

## BACKGROUND

A motion for a Clerk's default against Defendant Falcone in her individual and representative capacities (Doc. 28), was granted on December 19, 2008 (Doc. 29). On January 13, 2009, Defendant Falcone filed a motion to set aside the Clerk's default against her. (Doc. 35.) The Government did not oppose the motion with regard to Defendant Falcone in her individual capacity (Doc. 36), which the Court granted (Doc. 37), but did oppose the motion as to Defendant Falcone in her capacity as Executrix for the Estate of Kenneth Lombardi because Defendant Falcone was appearing pro se (Doc. 36, p. 3).

On January 27, 2009, the Court denied without prejudice Defendant Falcone's motion to set aside the Clerk's default against her in her representative capacity, holding that 28 U.S.C. § 1654 allowed parties to appear pro se only if they are litigating their own interests, not when they are appearing as the representatives of others. (Doc. 37.) The Court directed Defendant Falcone to have an attorney enter an appearance on her behalf as the Executrix of the Lombardi Estate on or before February 17, 2009, in which case the Court would set aside the Clerk's default against her in her representative capacity. The Court warned that if no appearance was entered by an attorney on Defendant's behalf, the Court would entertain a motion for judgment of default against her in her representative capacity at that time.

DISCUSSION

Defendant Falcone did not find counsel in the three weeks allotted to her by the Court, nor does she offer any reasons for her failure to do so. Rather, on the date by which she was directed to have counsel appear, she filed the present motion asking for sixty additional days to comply with the Court's order. Having neither been presented with nor found good cause for which to grant the extension, the Court denies the motion for an extension of time. Accordingly, it denies the subsequent two motions — that for an order compelling the law firm of Broge, Newman, Fisher, and Shavar to deliver information pertaining to the Estate, and that for an order that the Government show cause for failure to amend the Complaint — as they are made by Defendant Falcone herself seeking to appear in her representative capacity, the capacity in which the Court has forbidden her to litigate without counsel.

CONCLUSION

Accordingly it is ORDERED AND ADJUDGED that Defendant Falcone's motion is DENIED.

DONE AND ORDERED this 25th day of February, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record,
and
Terry Falcone (pro se Defendant)
3452 Tomahawk Ave.
Spring Hill, FL 34606