IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA, )
)
  Plaintiff, )
)
v. )
) Civil No. 8:08-CV-1782-SCB-TBM
TERRY FALCONE, individually and as )
executrix for the Estate of Kenneth Lombardi; )
HERNANDO COUNTY; and )
ALUMNI PARTNERS II, LLC, )
)
  Defendants. )
_____)

## CONSENT JUDGMENT OF FORECLOSURE
## AND ORDER OF SALE

Based on the agreement of the parties, it is hereby ORDERED ADJUDGED, and DECREED:

1. The Court has personal jurisdiction over the defendants in this action, and also has jurisdiction over the subject matter of this action.

2. Pursuant to 26 U.S.C. § 6321 the United States has valid Federal tax liens arising out of Kenneth Lombardi's assessed and unpaid Federal income tax liabilities for the taxable years 1980 and 1981, and those liens attached to the funds that were used by the defendant Terry Falcone to purchase the real property identified in Count II of the complaint (the "Subject Property") located at 3452 Tomahawk Avenue, Spring Hill, Florida, and more particularly described as follows:

> Weeki Wachee Woodlands, Unit 1, Lot 141, Spring Hill,
> Hernando County, Florida.

3. The federal tax liens are foreclosed against the Subject Property.

4. The Internal Revenue Service Property Appraisal and Liquidation Specialists ("PALS"), is hereby authorized under Title 28, United States Code, Sections 2001 and 2002, to offer for sale at public auction, the Subject Property described in paragraph 2, above, together with any improvements, buildings and appurtenances;

5. The public auction referred to in paragraph 4, above, shall be held either on the premises itself or at the Hernando County Courthouse, in accordance with the provisions of Title 28, United States Code, Section 2001, at a time and date to be announced by the PALS; after the Subject Property is advertised once a week for four consecutive weeks preceding the date fixed for its sale in a daily newspaper of general circulation in Pinellas County, and by any other notice that the PALS in its discretion may deem appropriate;

6. Any rights, title, liens, claims or interests in the Subject Property of the United States and the other parties in this action are discharged upon sale of the Subject Property and confirmation of the sale, as described in paragraphs 5, above, and 14, below;

7. The minimum bid for the Subject Property will be set by the PALS. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions of this Consent Final Judgment of Foreclosure and Order of Sale, hold a new public sale and reduce the minimum bid or sell to the highest bidder;

8. The successful bidder shall be required to deposit with the PALS, a minimum of twenty percent of his or her bid by certified check, made payable to the United States District Court for the Middle District of Florida, or cash deposit at the time of sale. Before being permitted to bid at the sale, bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if he or she is the successful bidder, he or she can make the deposit required by this order of sale;

9. The balance of the purchase price for the respective property shall be tendered to the PALS by the successful bidder within 30 days following the date of sale in the form of a certified check payable to the United States District Court for the Middle District of Florida. In the event that the purchaser fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, and the Subject Property shall be re-offered for sale or be offered to the second highest bidder;

10. Pending the sale of the said Subject Property, the PALS is authorized to have free access to the premises and to take any and all actions necessary to preserve the Subject property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Subject Property, until the deed to the Subject property is delivered to the ultimate purchaser of the Subject Property;

11. The sale of the Subject property is made pursuant to 28 U.S.C. § 2001, and is made without right of redemption;

12. Until the Subject Property is sold, Terry Falcone shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the Subject Property and provide proof of such when requested by the PALS. She shall neither commit waste against the Subject Property nor cause or permit anyone else to do so. She shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so;

13. All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 30 days of the date this order is entered on the docket of the case. Further, all persons occupying the Subject Property shall turn over the keys to the Subject Property to the PALS and provide proof of current insurance within 30 days of the date this order is filed or the date on which a copy of it is delivered to the defendants, whichever is later. If any person occupying the Subject Property fails or refuses to leave and vacate the Subject Property by the time specified in this order, the

PALS is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned; and, the PALS is authorized to remove the personal property and dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 17, below;

14. The sale of the Subject Property shall be subject to confirmation by this Court, and upon confirmation the PALS shall execute and deliver its deed, conveying the Subject Property to the successful purchaser;

15. When the sale is confirmed by this Court, the Register of Deeds of Hernando County, Florida, shall cause transfer of the respective property to be reflected upon that county's register of title;

16. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

17. After the sale is confirmed by this Court, the proceeds shall be distributed as follows:

    a. First, to the PALS to cover the expenses of the sale, including any expenses incurred to secure or maintain the Subject Property pending sale and confirmation by the Court;

b. Second, to the United States of America for the unpaid federal tax liabilities of Kenneth Lombardi for the taxable years 1980 and 1981, plus its costs for this action; and

d. Third, any remaining funds to Terry Falcone.

18. The Court retains jurisdiction over this cause for purposes of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.

DONE AND ORDERED in Tampa, Florida, this 30th day of April, 2009.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Approved as to form and content:

*/s/ Philip Doyle*
PHILIP DOYLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington DC 20044
Tel. (202) 514-9673
Fax (202) 514-9868
philip.a.doyle@usdoj.gov

*/s/ Terry Falcone*
TERRY FALCONE
Pro Se
3452 Tomahawk Avenue
Spring Hill, Florida 34606